UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Miguel Montelongo**, individually and on behalf of all others similarly situated, | No. _____ |
| Plaintiff, | |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **Waste Management, Inc.,** a Delaware Corporation, **Waste Management of Illinois, Inc.**, a Delaware Corporation, **Waste Management of Illinois Holdings, LLC**, a Delaware limited liability company, and John Doe Corporations I-C. | |
| Defendants. | |

Plaintiff, Miguel Montelongo ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendants, Waste Management, Inc., Waste Management of Illinois, Inc., Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C. (Collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. and Fed. R. Civ. P. 23 for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Waste Management. Plaintiff brings this action on behalf of himself and all

1

similarly-situated current and former Dispatchers and Routers[1] (also referred to as the "Covered Positions") of Defendants who required Plaintiff, the Collective Members and the Class Members to perform work off the clock during each and every shift, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

3.      The Collective Members are all current and former Dispatchers and Routers, or other similarly titled employees, who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

4.      Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendants' violation of federal law as detailed further below.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

---

[1]      For the purposes of this Complaint, "Dispatchers" and "Routers" are exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff ad the Collective Members occurred within the Northern District of Illinois.

7.     Plaintiff, in his work for Defendants, regularly Defendant's offices and facilities located within the Northern District of Illinois. At the relevant times following the COVID-19 pandemic detailed further herein, Plaintiff performed his work for Defendants from Plaintiff's residence in Cook County, Illinois.

8.     Defendants regularly conduct business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

9.     Plaintiff, the Collective Members and the Class Members in their work for Defendants were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

10.     At all times material to the matters alleged in this Complaint, Plaintiff Miguel Montelongo was an individual residing in Cook County, Illinois, and is a current employee of Defendants.

11.     Plaintiff was a full-time employee of Defendants who worked as a Dispatcher and Router from approximately 2010 through the present.

12.     The Class and Collective Members are all current and former Dispatcher and Routers who worked for Defendants at any of its offices nationwide at any point in the three years preceding the filing of this Complaint. The Class ad Collective Members are non-exempt from the IMWL and FLSA overtime requirements.

13.    At all material times, Waste Management, Inc. was a Delaware corporation duly licensed to transact business in the State of Illinois.  At all material times, Defendant Waste Management, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cook County, Illinois.

14.    At all relevant times, Waste Management, Inc. owned and operated "Waste Management," a nationwide waste management services company.

15.    Under the IMWL and FLSA, Defendant Waste Management, Inc. is an employer. At all relevant times, Defendant Waste Management, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Waste Management, Inc. is subject to liability under the IMWL and FLSA.

16.    At all material times, Waste Management of Illinois, Inc. was a corporation duly licensed to transact business in the State of Illinois.

17.    At all relevant times, Waste Management of Illinois, Inc. was wholly owned by Defendant Waste Management, Inc., and Waste Management of Illinois, Inc. operated as part of the nation-wide "Waste Management" enterprise.

18.    Under the IMWL and FLSA, Defendant Waste Management of Illinois, Inc. is an employer.  At all relevant times, Defendant Waste Management of Illinois, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the

4

interest of Defendants in relation to the company's employees, Defendant Waste Management of Illinois, Inc. is subject to liability under the IMWL and FLSA.

19.     At all material times, Waste Management of Illinois Holdings, LLC. was a limited liability company duly licensed to transact business in the State of Illinois.  At all material times, Defendant Waste Management of Illinois Holdings, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in DuPage County, Illinois.

20.     At all relevant times, Waste Management of Illinois Holdings, LLC was wholly owned by Defendant Waste Management, Inc., and Waste Management of Illinois Holdings, LLC operated as part of the nation-wide "Waste Management" enterprise.

21.     Under the IMWL and FLSA, Defendant Waste Management of Illinois Holdings, LLC, is an employer.  At all relevant times, Defendant Waste Management of Illinois Holdings, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Waste Management of Illinois Holdings, LLC is subject to liability under the IMWL and FLSA.

22.     Waste Management, Inc. is a nationwide waste management services company. Upon information and belief, Defendant Waste Management, Inc. operates in all 50 states and operates under more than 100 various business entities.   Upon information and belief, Defendants John Doe Corporations I-C are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) are subsidiaries of Waste Management, Inc.; (2) hired individuals, including the Collective Members, as dispatchers and routers and

other positions to perform work for Defendants; (3) directed the work of Plaintiff and the Collective Action Members; and (4) are otherwise proper parties to this lawsuit.

23.     At all relevant times, Defendant(s) John Doe Corporations I-C were employers under the IMWL and FLSA.  At all relevant times, Defendant(s) John Doe Corporations I-C had the authority to hire and fire employees, including Plaintiff and/or the Class and Collective Members, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connections with Plaintiff's and the Class and Collective Action Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, including Plaintiff and the Class and Collective Action Members, Defendant(s) John Doe Corporations I-C are subject to liability under the IMWL and FLSA.

24.     At all material times, Plaintiff and the Class and Collective Members were employees of Defendants as defined by the IMWL and FLSA, 29 U.S.C. § 203(e)(1).

25.     At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

26.     Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

27.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Dispatchers and Routers of Defendants, including but not limited to current or former Dispatchers and Routers of Defendants who agree in writing to join this action seeking recovery under the FLSA.

28.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Dispatchers and Routers of Defendants who Defendants required to spend time logging in and setting up their computer work stations as well as logging off and closing down workstations while not clocked in and, therefore, did not their regular rate of pay or an overtime premium for all time spent working in excess of 40 hours in a given workweek.

29.     Plaintiff is further informed, believes, and alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

30.     Defendants, and each of them, are sued in both their individual and corporate capacities.

31.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

32.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

34.     At all relevant times, Defendants were and continue to be "employers" as defined by the IMWL and FLSA, 29 U.S.C. § 201, *et seq.*

35.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

36.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r) of the FLSA.  29 U.S.C. § 203(r)(1).  That is, Defendants perform

related activities through unified operation and common control for a common business purpose; namely, the operation of a waste management services company operating under the name "Waste Management."

37.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Class and Collective Action Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the IMWL and FLSA.

38.     At all material times, Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C were Plaintiff's and the Collective Members' "Joint Employer". Two or more distinct entities can exert significant control over the same employee such that they are "joint employers." *E.g. In re Enterprise Rent-A-Car*, 683 F.3d 462, 467 (3d Cir. 2012). Analyzing whether an entity is a "joint employer" for purposes of the FLSA requires looking to several, non-exclusive factors in relation to the alleged employer's: (1) authority to hire and fire the relevant employees; (2) authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) involvement in day-to-day employee supervision, including employee discipline; and (4) actual control of employee records, such as payroll, insurance, or taxes. The Court may also consider the totality of the circumstances, economic realities, and other information suggesting "significant control," which can be persuasive in conjunction with the enumerated elements of the test. Id. at 470.

39.     At all material times, Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C

had the authority to fire Plaintiff and the Class and Collective Members. Moreover, Plaintiff and the Class Collective Members were required and expected to abide by the enterprise-wise rules and procedures established by Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C. The decision not to pay Plaintiffs and the Class and Collective Members for time spent setting up and shutting down their workstations was made jointly by Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C. Moreover, the reduction in labor costs and corresponding increase in profits that resulted from not paying Plaintiffs and the Class and Collective Members for time spent setting up and shutting down their workstations were shared by Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C.

40. At all material times, Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C were Plaintiff's and the Collective Members' "single employer." Single employer/enterprise theory examines whether "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a single enterprise." *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 564 (E.D. Pa. 2011) (citing *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 401 (1960)). The analysis has four elements: (1) the interrelation of operations between the corporations; (2) whether the corporations share common management; (3) whether there was centralized control of labor relations; and (4) whether there existed common ownership or financial control. *Katz v. DNC Servs. Corp.*, No. CV 16-5800, 2018 WL 692164, at *3 (E.D. Pa. Sep. 27, 2019) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84 (3d Cir. 2003)).

41.     Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C all share in any profit or loss resulting in the operation of their enterprise. Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C routinely share management. The decision not to pay Plaintiff and the Class and Collective Members for time spent setting up and shutting down their workstations was made jointly by Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C. Moreover, the reduction in labor costs and corresponding increase in profits that resulted from failing to pay Plaintiff and the Class and Collective Members for time spent setting up and shutting down their workstations were shared by Defendants Waste Management, Inc., Waste Management of Illinois, Inc.; Waste Management of Illinois Holdings, LLC, and John Doe Corporations I-C. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Class and Collective Members' work and wages at all relevant times.

42.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned waste management service.

43.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

44.     Plaintiff and the Class and Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

45.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

46.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Defendants, were engaged in interstate commerce.

47.     Plaintiff and the Class and Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

48.     Defendants own and/or operate as Waste Management, a nationwide trash disposal and management company that operates in all 50 states.

49.     The Collective Members are all current and former Dispatchers and Routers who worked for Defendants at any of its offices nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

50.     Plaintiff worked for Defendants as a dispatcher and router, communicating with and providing assistance to Defendants' drivers.  Plaintiff specifically communicated with and provided assistance for drivers performing work in and around Kansas City, Missouri, and throughout the state of Kansas.

51.     Plaintiff worked for Defendants from approximately 2010 through the present.

52.     At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $25.30.

53.     At all relevant times, Plaintiff worked approximately 48-52 hours per week, sometimes working as many as 60 hours.

54.     During each and every workweek, Plaintiff and the Class and Collective Members were paid on an hourly basis.

55.     Starting in approximately March 2020, Plaintiff and the Class and Collective Members were instructed to, and did, begin working from home and Plaintiff and the Class and Collective Members continue to work from home through the present.

56.     For the duration of their time working from home, Plaintiff and the Class and Collective Members have been subject to Defendants' policy of requiring Plaintiff and the Class and Collective Members to spend time working prior to clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

57.     Specifically, Plaintiff and the Class and Collective Members were required to spend time booting up and logging into their computers prior to being able to clock in for their shift and required to clock out at the end of their shift before logging off and shutting down their computers.

58.     As a result, Plaintiff and the Class and Collective Members typically worked 15 minutes or more each shift that were uncompensated.

59.     As a result of Defendants' failure to pay time and a half to Plaintiff and the Class and Collective Members for hours worked over forty (40) hours per week, Defendants violated IMWL § 820 105/4(a) and 29 U.S.C. § 207(a).

60.     Plaintiff and the Class and Collective Members were non-exempt employees.

61.     Plaintiff and the Class and Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

62.     The primary duty of Plaintiff and the Class and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

64.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Dispatchers and Routers employed by Defendants.

65.     Defendants subjected all of their Dispatchers and Routers, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

66.     At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of not paying their Dispatchers and Routers one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

67.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

68.     The Collective Members perform or have performed the same or similar work as Plaintiffs.

69.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

70.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all of the Collective Members.

71.     As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All of Waste Management's current and former Dispatchers and Routers and those with similar job duties, but different titles, who worked for Defendants at any time between March 2020 and the present, and who performed work from home and were not paid one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.**

72.     Defendants' unlawful conduct, as described herein, is pursuant to Waste Management's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

73.     Defendants are aware or should have been aware that federal law prohibited them from not paying their dispatchers and routers–namely, Plaintiffs and the Collective Members – an overtime premium wage for all time spent working in excess of 40 hours per given workweek.

74.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

14

75.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

76.     Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds, and possibly thousands, of Dispatchers and Routers currently and/or formerly employed by Defendants. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records.

77.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants and by workplace posting at each of Defendants' regional offices.

## RULE 23 CLASS DEFINITIONS AND ALLEATIONS

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Plaintiff brings Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

80.     **Rule 23 Class**

> **The Illinois Class Action Members are all of Defendants' current and former Dispatchers and Routers and those with similar job duties, but different titles, who worked for Defendants in Illinois at any time between March 2020 and the present, and who performed work from home and were not paid one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.**

> **Numerosity (Rule 23(a)(1)).**

81.     The Illinois Class is so numerous that joinder of all members is impracticable.

Plaintiff on information and belief alleges, that Defendants employed greater than one hundred people who satisfy the definition of the Illinois Class.

### a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).

82.     Common questions of law and fact exist as to the Plaintiffs and the members of the Illinois Class including, but not limited to, the following:

a.  Whether Defendants unlawfully failed to pay members of the Illinois Class the overtime wage, in violation of the Illinois Minimum Wage Law ("IMWL");

b.  Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

c.  The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

### b. Typicality (Rule 23(a)(3)).

83.     Plaintiff's claims are typical of the members of the Illinois Class' claims. Plaintiff, like other members of the Illinois Class, was subjected to Defendants' illegal scheme to maximize profits by depriving their employees of overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

84.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

85.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the members of the Illinois Class, making appropriate declaratory relief with respect to the members of the Illinois Class as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

86.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiff and all

similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

87.     Plaintiff intends to send notice to all members of the Illinois Class to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

88.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     Plaintiff and the Collective Members have been working from home since approximately March 2020.

90.     During the entirety of Plaintiff's and the Collective Members' time working from home, Defendants required Plaintiff and the Collective Members to perform work while off the clock on a daily basis.

91.     As a result of Defendants' policy, Defendants failed to compensate Plaintiff and the Collective Members at least one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

92.     Defendants had a consistent enterprise-wide policy of requiring the Collective Members to perform work while off the clock and failing and/or refusing to compensate the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

93.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

94.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

95.     Defendants knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate the FLSA, and Defendants were aware of the FLSA's overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

96.     As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: ILLINOIS MINIMUM WAGE LAW
## UNPAID OVERTIME

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendants failed and/or refused to compensate Plaintiff and the Class Members one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek as required under the IMWL.

99.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Class Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

100.    During the entirety of Plaintiff's and the Class Members' time working from home, Defendants required Plaintiff and the Class Members to perform work while off the clock on a daily basis.

101.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Class Members overtime according to the provisions of the IMWL.

102.    Defendants have engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the Class Members in accordance with IMWL § 820 105/4(a).

103.    Defendants have willfully failed and/or refused to pay Plaintiff and the Class Members overtime according to the provisions of the IMWL.

104.    Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

105.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members over the course of their working from home would violate Illinois law, and Defendants were aware of the Illinois

overtime wage requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the IMWL.

106.    Defendants have and continue to willfully violate the IMWL by not paying Plaintiff and the Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

107.    As a result of Defendants failure or refusal to pay Plaintiff and the Class Members a wage equal to one and one half times Plaintiff's and the Class Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated IMWL 820 § 105/4(a). Plaintiff and the Class Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Miguel Montelongo, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

ii.    willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 207;

iii.    violated the overtime provisions of IMWL § 105/4(a), by failing to pay proper minimum wages; and

iv.    willfully violated the minimum wage provisions of the IMWL § 105/4(a);

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award all statutory damages, liquidated damages, interest, attorney fees and costs owed to Plaintiff and the Class Members under the IMWL.

F.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, the FLSA Collective, and the Illinois Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  June 25, 2021

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com